I hereby attest and certify on 8/8/11
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____ Deputy

FILED
AUG - 8 2011
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: JIFFY LUBE INTERNATIONAL, INC.,
TEXT SPAM LITIGATION        MDL No. 2261

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in all actions, as listed on Schedule A,[1] jointly move for centralized pretrial proceedings of this litigation in the Northern District of California or the Southern of California. Defendants Jiffy Lube International, Inc. (Jiffy Lube) and its franchisee Heartland Automotive Services, Inc. (Heartland) agree centralization is appropriate, but urge selection of the Southern District of California as transferee district. At the hearing, all parties represented that they now concur that the Southern District of California is the most appropriate transferee district.

On the basis of the papers filed and the hearing session held, we find that these five actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising out of allegations that Jiffy Lube and Heartland sent unsolicited commercial text messages ("wireless spam") to the wireless telephone numbers of plaintiffs (and putative class members) without prior express consent. All text messages were sent by defendant TextMarks, Inc., from the same number and the same text message is at issue in all actions. Plaintiffs contend that this wireless spam violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. As all responding parties agree, centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to certification of overlapping nationwide classes; and conserve the resources of the parties, their counsel and the judiciary.

While either proposed district could serve as transferee court for this litigation, we designate the Southern District of California. All parties now agree that this district is an appropriate forum for this litigation. It also is relatively convenient for parties, witnesses and counsel located in or near southern California and is readily accessible to parties located elsewhere. In selecting Judge Jeffrey T. Miller, we

---

[*] Judges Paul J. Barbadoro and Marjorie O. Rendell took no part in the decision of this matter.

[1] The Panel has been notified of one related action pending in Northern District of California. This action and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

are assigning this litigation to an experienced judge in a district which has the capacity to manage this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of the California are transferred to the Southern District of California and, with the consent of that court, assigned to the Honorable Jeffrey T. Miller for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.                Barbara S. Jones

**IN RE: JIFFY LUBE INTERNATIONAL, INC.,
TEXT SPAM LITIGATION**                                        MDL No. 2261

## SCHEDULE A

### Northern District of California

Renee Heuscher v. Heartland Automotive Services Inc., C.A. No. 3:11-02048

### Southern District of California

Joseph Crowl v. Jiffy Lube International, Inc., C.A. No. 3:11-00865
Dawn Souder v. Jiffy Lube International, Inc., C.A. No. 3:11-00896
Tramy Duong v. Jiffy Lube International, Inc., et al., C.A. No. 3:11-00943

### Western District of Washington

Lawrence Cushnie v. Heartland Automotive Services, Inc., et al., C.A. No. 2:11-00753